UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHASSIB KASSIM WAHAB,

                              Plaintiff,

           -against-

ESTEE LAUDER COMPANIES, INC.,

                              Defendant.
-----------------------------------------------------------X

**ORDER**
12-CV-3932 (SJF) (AKT)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 02 2013   ★

**LONG ISLAND OFFICE**

FEUERSTEIN, J.

     This case was assigned to the Court on May 16, 2013 after District Judge Joseph F.

Bianco recused himself. See [Docket Entry No. 37]. On May 21, 2013, the Court overruled

plaintiff's objection to Magistrate Judge E. Thomas Boyle's order dated April 8, 2013

"preclud[ing] [plaintiff] from testifying at trial or offering any affidavit in support or opposition

to summary judgment unless he submits to a deposition, which defendant previously noticed,

within 30 days." [Docket Entry No. 39]. The Court cancelled the May 30, 2013 discovery

deadline to allow Magistrate Judge A. Kathleen Tomlinson to address outstanding discovery

issues and scheduled a pretrial conference for July 9, 2013 at 11:15 a.m., by which time all

discovery was to be completed. Id.[1] On July 2, 2013, plaintiff's motion seeking the recusal of

the undersigned was denied. [Docket Entry No. 52]. Defendant served plaintiff with a motion

for summary judgment on July 8, 2013. [Docket Entry No. 55]. At the pretrial conference held

on July 9, 2013, the Court directed plaintiff to respond to the summary judgment motion by

---

[1]     Magistrate Judge Tomlinson was assigned to the case on April 23, 2013 after Magistrate
Judge Boyle recused himself. See [Docket Entry Nos. 29, 37].

1

October 9, 2013, giving him three (3) months to prepare his response. [Docket Entry No. 56].

Now before the Court is plaintiff's motion requesting that the Court "stay the defendant's

Summary Judgment Motion" and allow plaintiff to conduct additional discovery. [Docket Entry

No. 59].[1]

I.      Discussion

Plaintiff's motion attempts to relitigate discovery disputes that have been previously

addressed by Magistrate Judge Tomlinson. Plaintiff has failed to show that he was not afforded

a fair opportunity to conduct discovery in the time that was allotted. Magistrate Judge Boyle

originally ordered discovery to be completed by May 31, 2013, see [Docket Entry No. 12],

approximately (6) months from the date of the discovery scheduling order and ten (10) months

from the commencement of the case. Although plaintiff failed to show good cause for his failure

to complete discovery during that time, due to plaintiff's refusal to appear for his deposition and

the recusal of Judge Bianco and Magistrate Judge Boyle, the Court extended the discovery

period through July 9, 2013. [Docket Entry No. 39]. Magistrate Judge Tomlinson held a

discovery conference on June 6, 2013 and extensively addressed the parties' remaining discovery

disputes. [Docket Entry Nos. 41, 57]. Magistrate Judge Tomlinson determined that plaintiff's

fourth set of interrogatories was duplicative and improper but nonetheless ordered defendant to

respond to certain of plaintiff's document demands that she deemed appropriate and allowed

plaintiff to depose certain witnesses, denying in part defendant's motion for a protective order.

[Docket Entry No. 41]. Magistrate Judge Tomlinson held two (2) further conferences with the

parties to address disputes arising during depositions.

---

[1]     Insofar as plaintiff is again seeking the recusal of the undersigned, the motion is denied
for the same reasons set forth in the order dated July 2, 2013. See [Docket Entry No. 52].

Plaintiff has had a more than adequate opportunity to conduct discovery and to raise his concerns with Magistrate Judge Tomlinson regarding defendant's responses. Plaintiff did not object to Magistrate Judge Tomlinson's orders within the time allowed and has failed to show that the rulings were erroneous or that he was denied discovery to which he was entitled. See FED. R. CIV. P. 72. Therefore, plaintiff's application to reopen discovery is denied.

Aside from the attempt to revisit previous discovery disputes, plaintiff raises an issue that does not appear to have been previously addressed by Magistrate Judge Tomlinson or the Court. On June 20, 2013, plaintiff deposed Lindsay R. Shain, associate in-house counsel for defendant. Ms. Shain testified that she conducted an internal investigation into the merits of plaintiff's claims in this case and that she maintained a file in connection with the investigation, which contained copies of letters she sent to plaintiff and her personal notes on the matter. Deposition of Lindsay R. Shain [Docket Entry No. 59] at 7:01-9:12, 13:14-15:12, 23:06-22. Ms. Shain testified that she did not recall preparing any other written material in connection with plaintiff's case. Id. at 23:25-24:03. Plaintiff has requested that the Court compel defendant to disclose Ms. Shain's file. [2]

Defendant's counsel indicated at the deposition that defendant has asserted that the materials prepared by Ms. Shain contained in the file are work product and are protected by the attorney-client privilege. Id. at 10:10-11:02. Ms. Shain's deposition testimony sufficiently established the basis for defendant's position that the materials are not discoverable, see, e.g., Aiossa v. Bank of Am., N.A., No. CV-10-01275, 2011 WL 4026902, at *9 (E.D.N.Y. Sept. 12, 2011), i.e., that any notes relevant to the case were prepared in response to plaintiff's complaint

---

[2]     Plaintiff asserts that he received the transcript of the deposition after the close of discovery on July 9, 2013. For the sake of efficiency, the Court has assumed for purposes of this motion that this constitutes good cause for plaintiff's failure to raise the issue with Magistrate Judge Tomlinson prior to the close of discovery.

and in anticipation of litigation, FED. R. CIV. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ."); United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998), and that any communications between her and other employees of defendant in connection with the investigation were for the purpose of providing legal advice to defendant, see, e.g., Farzan v. Wells Fargo Bank, No. 12 Civ. 1217, 2012 WL 6763570, at *2 (S.D.N.Y. Dec. 28, 2012). Therefore, the burden shifts to plaintiff to show that he is entitled to the information. See, e.g., Go v. Rockefeller Univ., 280 F.R.D. 165, 174 (S.D.N.Y. 2012). Plaintiff has failed to demonstrate that the materials prepared by Ms. Shain are discoverable, see FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .") (emphasis added), that he "has substantial need" for the materials, and that he "cannot, without undue hardship, obtain their substantial equivalent by other means," FED. R. CIV. P. 26(b)(3)(A)(ii). Therefore, plaintiff's motion to compel disclosure of the materials is denied.

The deadline for plaintiff to respond to defendant's motion for summary judgment, October 9, 2013, remains in effect. Plaintiff is warned that his failure to respond to the motion will result in the dismissal of his case with prejudice.

**SO ORDERED.**

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 2, 2013
      Central Islip, New York