UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHASSIB KASSIM WAHAB

                Plaintiff,

-against-

THE ESTÉE LAUDER COMPANIES INC.,

                Defendant.
----------------------------------------------------------X

**ORDER**
12-CV-3932 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ SEP 3 0 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

Plaintiff Chassib Kassim Wahab ("Wahab" or "plaintiff") commenced this litigation against his former employer, The Estée Lauder Companies Inc. ("Estée Lauder" or "defendant") asserting claims of age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* and "any related claims under New York law." [Docket Entry No. 1 (the "Complaint") at 1]. Defendant moved for summary judgment on all claims. [Docket Entry No. 73 (the "Motion for Summary Judgment")]. Now before the Court is the Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson dated July 17, 2014 (the "Report"), that defendant's motion for summary judgment be granted. [Docket Entry No. 93].[1] On July 25, 2014, plaintiff filed objections to the Report ("Obj."). [Docket Entry No. 95]. On September 10, 2014, defendant filed a response to plaintiff's objections ("Rep. to Pls.' Obj."). [Docket Entry No. 96]. The Court has fully considered the parties' submissions. For the reasons that follow, the Court adopts the Report in its entirety.

---

[1]     The facts underlying this action are set forth in the Report and are hereby incorporated by reference.

I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv.-5450, 07-cv.-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.  Discussion

This Court construes submissions by *pro se* litigants liberally and "interpret[s] them to raise the strongest arguments that they suggest." *Scott v. Rock*, 10-cv-5989, 2013 WL 360398, at *3 (E.D.N.Y. Jan. 30, 2013) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Even

under this standard however, the Court finds the majority of plaintiff's objections to be general,[2] conclusory,[3] recitations of his original arguments[4] and not proper.[5]

Plaintiff's two specific objections are to the Report's conclusion that his federal claims must be dismissed because he did not file a timely charge with the EEOC and to the Report's conclusion that he has not raised a genuine issue of material fact as to whether defendant's failure to transfer him to the Melville facility was pretextual. Accordingly, the Court is required to conduct a *de novo* review of these portions of the Report. Upon *de novo* review of the Report and consideration of the plaintiff's objections and the defendant's responses thereto, the Court overrules the objections and accepts the Report in its entirety.[6]

---

[2] For example, plaintiff argues that the "Magistrate's suggestion and analysis are biased and unconscionable" (Obj., at 2) and that she "blatantly struggle[s] to twist the record in an effort to support the moving party" (Obj., at 2) but provides no specifics. Plaintiff also argues that the Magistrate Judge "failed to discuss mention and/or consider the following items, all of which are stated in [his] affidavit in opposition" (Obj., at 10) and provides a list of items that the Magistrate Judge allegedly did not consider but fails to identify how consideration of these items would affect specific findings in the Report. *See* Obj., at 10-11.

[3] Plaintiff's conclusory objections include statements such as: "I satisfied the de minimis burden of stating a prima facie case of age discrimination and the defendant did not met [sic] its burden of producing evidence sufficient to rebut the Plaintiff [sic] prima facie case." Obj., at 3.

[4] In his objections, plaintiff reargues points made in his original pleadings including that he "was assigned to a night shift with no assistants than [sic] the day shift, as harassment and in an effort to wrongfully force [him] out of [his] employment" (Obj., at 6), but fails to tie any of these repetitive arguments to specific findings in the Report.

[5] In his objections, plaintiff argues that "the Magistrate blocked extensive discovery by the Plaintiff" (Obj., at 4) and now "deliberately misconstrues the facts" (Obj., at 4), and rehashes discovery issues resolved earlier in the case (*See* Obj., at 4-5, 11). An opportunity to object to a report and recommendation is not the proper forum to raise objections to discovery rulings. *See Brown v. Smith*, 09-cv-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) ("A proper objection requires reference to a specific portion of the Report and Recommendation.") (citations omitted).

[6] Because plaintiff has not raised any specific objections to any other portions of the Report, this Court reviews the remainder of the Report under a clear error standard. *See Johnson v. Goord*, 487 F. Supp. 2d at 379. Upon review of the remainder of the Report, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts those sections of the Report.

A. Plaintiff's Federal Claims Must be Dismissed Because he did not File a Timely Charge with the EEOC

Before commencing a suit under Title VII or the ADEA in federal court, a plaintiff "must file timely administrative charges with the EEOC. If the complainant has instituted state or local proceedings with an agency that is empowered 'to grant or seek relief from [a discriminatory employment] practice or to institute criminal proceedings with respect thereto,' the complainant has 300 days from the occurrence of an adverse employment action to file charges with the EEOC." *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5(e)(1)); *see also* 29 U.S.C. § 626(d)(1)(B); 42 U.S.C. § 2000-e5(e)(1).[7]

The Report found that "Plaintiff's charge with the EEOC was not timely filed" (Report, at 21) because "the last alleged discriminatory act occurred on June 12, 2011, Plaintiff's last day of employment, which was more than 300 days before the charge was filed with the EEOC." Report, at 19.

Plaintiff objects to this finding and argues that the time calculation begins to run not on his last day of employment, but "on May 11, 2012 [the date when the defendant's investigation into plaintiff's complaint to the company was completed]." Obj., at 2; *see also* [Docket Entry No. 79 (Plaintiff's Memorandum in Opposition to Motion for Summary Judgment ("Pl's.

---

[7] The Report notes that there is "no reference in the record indicating that Plaintiff filed his charge with a state or local equal employment agency before filing his charge with the EEOC" and that "[u]nder such circumstances, claimants must 'file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment action.'" Report, at 19 (citing *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir. 1996)). However, "because both sides assert that the 300-day period applies in this case, the Court will apply that time period." Report, at 19. This Court finds it was not improper for the Magistrate Judge to use the longer, 300-day time period. *See Van Zant,* 80 F.2d at 712, n.1 (finding no reference in the record to plaintiff "having filed her charge with a state or local equal employment agency before filing with the EEOC," but accepting the 300-day period "as stipulated fact" because "the parties agree[d] that the 300-day period applie[d].").

Mem."), at 20-21)]. Magistrate Judge Tomlinson correctly dismissed this argument, finding that plaintiff's claims were time-barred because his EEOC complaint was filed more than three hundred (300) days after June 12, 2011, his last day of employment, and the fact that defendant's internal investigation was not completed until May 11, 2012 did not alter the date on which the three hundred (300)-day period began to run. *See* Report, at 20 (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980) ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods.")); *see also Syrkin v. State Univ. of N.Y.*, No. 04-cv-4336, 2005 WL 2387819, at *6 (E.D.N.Y. Sept. 29, 2005) ("That the [termination] decision 'is subject to a grievance procedure, administrative review, and possible reversal' does not delay the start of the 300-day period.") (citations omitted).

In his objections, plaintiff argues that the Report refers to "different dates for [his] termination." Obj., at 12. In analyzing the timeliness of plaintiff's claim, the Report accurately notes that June 12, 2011 was "Plaintiff's last day of employment, which was more than 300 days before the charge was filed with the EEOC."[8] Report, at 19. In his objections, plaintiff argues that the Report "states a different date of employment of July 15, 2011." Obj., at 3. The Report's reference to July 15, 2011, the date plaintiff returned and executed the separation agreement, was meant to demonstrate that "[e]ven if the Court use[d] the later date of July 15, 2011 -- the date Plaintiff returned the executed Separation Agreement -- as the date of the last alleged discriminatory action, Plaintiff's EEOC charge, filed 313 days later on May 23, 2012,

---

[8] While the Report inaccurately states plaintiff's date of termination once, in the preliminary statement (*See* Report, at 1) (stating that plaintiff was employed by defendant "for twenty-three years until June 12, 2012"), this one incorrect reference to June 12, 2012 as plaintiff's termination date has no bearing on the Magistrate Judge's findings because the remainder of the Report applies June 12, 2011, the correct termination date, for all substantive analysis. *See* Report, at 11, 19-20.

5

would still be untimely." Report, at 19. Plaintiff's objection to the Report's reference to two different dates for the termination of his employment has no bearing on the Report's conclusion because his claims are untimely using either date. Therefore, the Court overrules plaintiff's objection and accepts the portion of the Report dismissing plaintiff's federal claims because they are time-barred.

> B. Plaintiff has not Raised a Genuine Issue of Material Fact as to Whether Defendant's Failure to Transfer him to the Melville Facility was Pretextual

Claims under the ADEA are governed by the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[9] *See D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194-95 (2d Cir. 2007). Under the *McDonnell Douglas* framework, a plaintiff must first "prove by a preponderance of the evidence a prima facie case of discrimination. To achieve this prima facie case, a plaintiff must show membership in the protected age group, qualifications for the jobs at issue, an adverse employment action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination." *Id.* at 195 (citations omitted). "Second, if the plaintiff succeeds in establishing a prima facie case of age discrimination, then the burden shifts to the defendant to articulate a non-discriminatory reason for the employee's rejection." *Id.* "Third, if the defendant meets this burden of production, the presumption drops away, and the plaintiff must prove by a preponderance of the evidence that the defendant's explanations were pretextual." *Id.* (citations omitted). In analyzing the third step in the context of a motion for summary judgment, the question becomes "whether the evidence in plaintiff's favor, when viewed in light most favorable to the plaintiff, is sufficient to sustain a reasonable finding that her dismissal was

---

[9] Plaintiff's "related claims under New York law" (Complaint, at 1) are analyzed under the same standard as the one applied to his ADEA claim. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2011).

6

motivated at least in part by age discrimination."[10] *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 114 (2d Cir. 2007).

Plaintiff objects to the Report's finding that defendant has "articulated a legitimate, non-discriminatory reason for not hiring Plaintiff for the Melville mechanic position" (Report, at 24), arguing that "defendant has not produced its proof" of "evidence as to legitimate non-discriminatory reasons for the employment decision." Obj., at 5. Upon a *de novo* review, the Court finds that defendant has proffered a legitimate, non-discriminatory reason for not hiring the plaintiff for the Melville mechanic position: his refusal to take a test that was a stated requirement of the position.

On March 3, 2011, defendant internally posted notice of a Mechanic Position opening at the Melville facility. [Docket Entry No. 75 (Affidavit of Jennifer Lepore in Support of Defendant's Summary Judgment Motion ("Lepore Moving Aff.") ¶ 6)]. One of the stated requirements of the position was that applicants "pass [a] mechanical testing and aptitude test." Lepore Moving Aff., Ex. A; [Docket Entry No. 81 (Plaintiff's Affidavit in Opposition ("Pl.'s Aff."), Ex. G)]. This testing requirement for the Melville position "came about after Estée Lauder closed down its Yaphank facility in 2009" and "[s]everal of the mechanics who worked at Yaphank were given the opportunity to transfer to Mechanic positions at other Estée Lauder facilities." Lepore Moving Aff. ¶ 7. According to defendant, "[o]nce the Mechanics had

---

[10] The Supreme Court's decision in *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 174 L.E.2d 119 (2009) changes the latter part of this formulation so that "a plaintiff bringing a disparate-treatment claims pursuant to ADEA must prove, by a preponderance of the evidence, that age was the but-for cause of the challenged adverse employment action" and not just a contributing or motivating factor. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)). Plaintiff's objection to this "but-for" standard of causation (Obj., at 2), is not dispositive in light of the fact that the Court finds there is no evidence to conclude that age was even a *motivating* factor in defendant's decision not to hire plaintiff for the Melville mechanic position.

transferred to new positions at the different facilities, Estée Lauder's Human Resources Department realized that the responsibilities and requirements of the position of the "Mechanic" position varied significantly across facilities."[11] *Id.* ¶ 8. Because of this, defendant, in 2010, "implemented a policy of requiring all applicants – both internal and external – for Mechanic positions at Melville to pass a test, even if the applicant had worked as a Mechanic at another Estee Lauder facility." *Id.* ¶ 9. Plaintiff does not dispute that he applied for the Melville mechanic position (Pl.'s Aff., Ex. I)[12] and that he refused to take the required test. (Pl's. Aff. ¶ 13(F)). The Court finds that plaintiff's refusal to take the test required for the Melville mechanic position is a legitimate, non-discriminatory reason for defendant not hiring plaintiff.

The Report found that plaintiff failed to put forth evidence to suggest that defendant's reason for not hiring him was pretextual. Report at 21-25. In his objections, plaintiff argues that defendant's legitimate, non-discriminatory reason is pretext for age discrimination because there "were no policies or written guidelines for the test [he] was required to take, in order to transfer to Melville facility." Obj., at 5. This objection is without merit because "[w]hether a policy is

---

[11] "Yaphank Mechanics, for example, were primarily asked to shovel, change light bulbs, fix broken furniture, hang pictures, and monitor the Production floor. Melville Mechanics, however, were required to demonstrate expertise in several specialized types of machinery such as cartoners, fillers, and ramp pumps." Lepore Moving Aff. ¶ 8.

[12] Plaintiff objects to Magistrate Judge Tomlinson's alleged "fail[ure] to recognize that Plaintiff's reference to a posting that was removed 10-15 minutes after [he] was told of it, is a completely different posting that [he] did apply for a month later....She confuses these postings as one and the same." (Obj., at 3). As Magistrate Judge Tomlinson explained in her Report, plaintiff claims that when he first saw the Melville job posting, "he went to get a pen and paper" (Pl.'s Aff. ¶ 12(e)) but "[w]ithin ten to fifteen minutes...the posting was removed." *Id.* ¶ 13(A). As the Report notes, plaintiff "does not explain how, despite his difficulties retrieving the posting, he was able to apply for the position on March 7, 2011...[n]or does he deny that he in fact did apply." Report, at 7 (citing Lepore Moving Aff., Ex. B; Pl.'s Aff. ¶ 13(B)). Even assuming, *arguendo*, that the job posting plaintiff applied for was a different job posting than the one originally posted, that distinction has no bearing on the analysis here because plaintiff admits that the job posting for the position to which he applied included a requirement of mechanical testing and aptitude test. *See* Pl.'s Aff. ¶ 13(A) ("Attached hereto as Exhibit "G" is a true copy of the job posting"); Pl.'s Aff., Ex. G (job posting stated as a requirement/qualification: "pass mechanical testing and aptitude test").

8

written or unwritten has minimal probative value on the issue of pretext." *Stein v. Nat'l City Bank*, 942 F.2d 1062, 1065 (6th Cir. 1991); *see also Wilkins v. J.C. Penney Corp.*, No. 3:11-cv-989, 2013 WL 3816588, at *10 (D. Conn. July 22, 2013) (finding that the fact that defendant "did not have a written policy setting forth eligibility for rehire without more cannot raise an issue of material fact" on the issue of pretext). The Court is satisfied that defendant's policy of requiring a test for the Melville mechanical position was a business decision made on a rational basis, in response to defendant's learning that the responsibilities and requirements of the "Mechanic" position varied significantly across its facilities. *See Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir. 1982) ("The Age Discrimination in Employment Act does not authorize the courts to judge the wisdom of a corporation's business decisions."). Moreover, there is no dispute that defendant's policy of requiring a test for the Melville mechanic position was communicated to all applicants, including plaintiff, through the job posting which indicated that a requirement for the position was "[a] mechanical testing and aptitude test." *See* Lepore Moving Aff., Ex. A; Pl.'s Aff., Ex. G.

Plaintiff also claims disparate treatment by defendant in requiring him to take the test, arguing that "[a]ll other Mechanics transferred to Melville were younger than [him] and not required to take a test." Obj., at 5. Despite plaintiff's repeated assertions that the "younger workers were not required to take a test to transfer to the Melville facility" (Pl.'s Aff. ¶ 7) but "[he] was later required to take a test" (Pl.'s Aff. ¶ 7), a comparison of these "younger workers" and plaintiff reveals that they are not "similarly situated" in all material respects. *See Shumay v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) ("To be 'similarly situated,' the individuals with whom [plaintiff] attempts to compare herself must be similarly situated in all material respects."). The "younger" workers whom plaintiff alleges were not required to take a

9

test were transferred to Melville in 2009, *before* the testing requirement was put in place. Pl.'s Aff. ¶¶ 6-7; Lepore Moving Aff. ¶ 11. Plaintiff attempted to transfer to the Melville facility in 2011 (Pl.'s Aff., Ex. I; Lepore Moving Aff. ¶¶ 12, 13), *after* the testing requirement was put in place. Plaintiff's argument that defendant "require[ed] improperly that [he] take a test...just for [him] and require[d] of no one else" (Obj. at 7) is rebutted by his own evidence that the posted job application included a stated requirement that all applicants "pass [a] mechanical testing and aptitude test." Pl.'s Aff. Ex. G.[13]

No reasonable jury could find that plaintiff was similarly situated to individuals, some of whom were in the protected class themselves,[14] who transferred positions two years prior to his attempted transfer and before the testing policy was put in place. Because plaintiff offers no evidence from which a rational trier of fact could conclude that defendant's stated reason for his termination – his refusal to take a required test – was pretext for age discrimination, his ADEA claims cannot survive summary judgment. *See Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 575 (S.D.N.Y. 2010) ("Absent some evidence that other employees "similarly situated in all material respects" were treated differently, the mere fact that one employee suffered some non-facially-discriminatory disparate treatment cannot prove pretext."); *DeFina v. Meenan Oil*

---

[13] This assertion is also contradicted by evidence offered by defendant that "[e]very mechanic who has been awarded a position at Melville since the testing requirement was implemented has taken and passed both the written portion of the test as well as the practical hands-on test. Conversely, no applicant for a Mechanic position at Melville who failed the test or refused to take the test has been awarded a position...The 'younger' mechanics referenced in Plaintiff's Complaint transferred to mechanic positions at the Melville facility and elsewhere in 2009 before Estée Lauder implemented its mechanics testing policy." Lepore Moving Aff. ¶¶ 10, 11.

[14] The evidence that "[o]f the four Yaphank Mechanics who transferred to the Melville facility at the time of the Yaphank facility's closure in 2009, two were over the age of 40," and thus in the protected class [Docket 84 (Affidavit of Jennifer Lepore in Support of Defendant's Summary Judgment Motion ("Lepore Reply Aff.") ¶ 3)], further refutes plaintiff's allegations that he was treated differently than other employees because of his age.

*Co.*, 924 F. Supp. 2d 423, 434 (E.D.N.Y. 2013) ("A court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met" (quoting *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n.2 (2d Cir. 2001))).

III. CONCLUSION

For the foregoing reasons, plaintiff's objections are overruled, the Report is accepted in its entirety, and defendant's motion for summary judgment is granted in its entirety. The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: September 30, 2014
Central Islip, New York